

# STATE OF MICHIGAN

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v                                                                          No. 138577

ALEXANDER ACEVAL,
            Defendant-Appellant.
_____

Statement of Justice Markman Regarding Defendant's Motion
to Disqualify Justice Hathaway

April 22, 2010

MARKMAN, J.  I write separately only to observe that this Court adheres to a different procedure in the present motion for disqualification than it did with regard to the recent motion for disqualification in *Pellegrino v AMPCO*, #137111, and that this change in procedure has significant consequences for the new disqualification process.  In *Pellegrino*, this Court allowed other justices an immediate opportunity to respond to my statement to deny the disqualification motion directed toward me.  In the instant case, justices are not to be afforded a similar opportunity until after, and unless, the *attorney* who initially moved the disqualification motion against Justice Hathaway has requested that her decision be reviewed by the full court.[1]

---

[1] In justifying this disparity, Justice HATHAWAY finds it significant that counsel in Pellegrino expressly moved for full court review of my disqualification decision. However, counsel's motion preceded even my response to his original motion for disqualification, and therefore was untimely under the new court rules.  Counsel cannot unilaterally alter the rules of this Court.  That is, although these rules clearly contemplate

Thus, one procedure *entitles* justices to review the disqualification decisions of other justices, while the other procedure allows such review *only* if sought by the attorney. Although I do not personally favor any procedure that involves justices in the review of the disqualification decisions of other justices, if there is to *be* such a procedure, I am troubled that it can apparently only be invoked at the request of an attorney, and not also at the request of another justice. Such a procedure regrettably seems of a kind with this Court's rejection of my proposed amendment to the new rules allowing justices on their own motion to raise conflict of interests and 'appearance of impropriety' concerns.

In short, I do not believe that attorneys should be granted a monopoly of authority to invoke full court review of the disqualification decisions of individual justices. I see no reason why justices themselves should not have some equivalent role in this process. It was my understanding of the new disqualification rules that their purpose was to strengthen the ability of this Court to avoid conflicts of interest and 'appearances of impropriety' by involving *all* the justices in what until then had been the determination of a single justice. If that is so, there is no obvious reason why full court review should be contingent upon whether the attorney himself has decided to seek review. It is hard to fathom why justices, now having been authorized to police the disqualification decisions of other justices, should *only* be allowed to do so where an attorney has chosen to trigger this process. What if *another* justice questions a justice's participation under our new rules? Is there nothing that justice can do to secure full court review, unless 'empowered' to act by an interested attorney? If a more active oversight role by justices is warranted as to the disqualification decisions of other justices, why is this now only true where we

---

a motion for full court review only after the targeted justice has denied a disqualification motion, this Court did not wait for such a motion before responding to my statement. By contrast, the absence of a timely motion seeking full court review in the instant case now dictates that such review may not occur at all unless there is a motion to that effect by the defendant. Justice HATHAWAY also apparently finds it significant that, at the time the motion in *Pellegrino* was denied, there were no time limitations in the rule, but now there are. However, that counsel now knows exactly how much time he has within which to request full court review does nothing to alter the fact that both before and after the new time limitations, the rules only contemplated full court review after the targeted justice had denied the disqualification motion. To be clear, I had no objections to this Court reviewing my disqualification decision in *Pellegrino* in the manner it did-- at least, apart from my fundamental objection to the new disqualification rules themselves. However, given that this was the approach this Court utilized in *Pellegrino*, I would not now adopt a different approach in the instant case.

have the authorization of an attorney?  Why does the key to full court review belong only to the attorney and not also to other justices?[2]

---

[2] Relevant to the instant procedure is that the motion for disqualification here was filed on October 16, 2009.  Now, more than six months later, a denial and an accompanying statement have been issued, and yet the process may still not be close to an end.  Defense counsel will now be entitled to respond to the targeted justice, the targeted justice will then be allowed to respond to defense counsel, the other six justices will then assess these ongoing exchanges between the lawyer and the justice, these other justices are then obligated to respond with their own statements explaining their decisions as to whether the targeted justice can participate in the case, and then finally the targeted justice will be entitled to a responsive or dissenting statement if he or she disagrees with the court majority.  Thus, an entire term of this Court will likely have passed and there will have been no resolution of the dispute that has brought this criminal appeal to the Michigan Supreme Court in the first place.  Not only then does the instant procedure improperly confer a monopoly upon lawyers in triggering full Court review of disqualification decisions, but it extends the disqualification process to unreasonable lengths to the detriment of justice.  The tail now wags the dog where a disqualification motion has been made, and it is quite certain that some number of such motions will be incentivized in order to delay rather than to facilitate justice.